UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IVONNE RODRIGUEZ,

                     Plaintiff,

     -against-

THE DELGADO TRAVEL AGENCY, INC., and
CASA DE CAMBIO DELGADO, INC.,

                    Defendants.
-----------------------------------------------------------X

**COMPLAINT**

**Plaintiff Requests Trial by Jury**

**ECF case**

06 cv 11528

Judge Chin

Magistrate Judge Maas

Plaintiff **IVONNE RODRIGUEZ** ("Rodriguez") alleges that:

## FIRST CLAIM
### (Unpaid overtime wages in violation of the Fair Labor Standards Act)

1. The jurisdiction of this court is conferred because of the presence of:

    (a) a federal question pursuant to 28 U.S.C. §§ 1331, 1337 and 1343 arising from claims based upon the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* (first claim); and

    (b) the presence of a common nucleus of operative fact such that a single case or controversy is present for supplemental jurisdiction (second and third claims), pursuant to 28 U.S.C. §1367.

2. The venue of this action is properly placed in the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because, upon information and belief, Casa de Cambio Delgado, Inc., Delgado Travel Agency, Inc., and Delgado & Delgado Travel Corp are duly incorporated in New York and maintain offices doing business in the Southern District of New York.

3. Upon information and belief, Delgado Travel and Casa de Cambio are duly incorporated in New York or otherwise authorized to do business in New York.

4. Upon information and belief, Delgado Travel is a travel agency that employs in excess of two hundred people with offices in more approximately 31 locations in the New York City Metropolitan area.

5. Upon information and belief, Casa de Cambio is a subsidiary corporation of Delgado Travel located within the physical facilities of Delgado Travel and engaged in the business of money transfer services.

6. Upon information and belief, Casa de Cambio's operations have been combined with Delgado Travel's operations, and all employees of both corporations are employed solely by Delgado Travel.

7. The President and sole shareholder of both Delgado Travel and Casa de Cambio (collectively hereinafter "Delgado Travel") is Hector Delgado ("Delgado").

8. Delgado is a resident of the State of New York.

9. The Vice Presidents of Delgado Travel are Delgado's two daughters- Linda Delgado ("Linda") and Jeanette Delgado-Savino ("Jeanette").

10. Rodriguez worked as a teller at Delgado Travel's office at 5501 Fifth Avenue, Brooklyn, NY 11220, from approximately March 2004 to November 2004 (Rodriguez's "period of employment").

11. During the period of employment, Rodriguez was compensated in the amount of $7 per hour for 40 hours per week, and $10.50 per hour for 20 hours over 40, so that she received a salary of $490 per week regardless of how many hours per week she actually worked.

12. During the period of employment, Rodriguez received compensation for a maximum of 60 hours per week.

13. During the period of employment, Rodriguez actually worked more than 60 hours per week, but was not compensated for the hours over 60.

14. During the period of employment, Delgado Travel regularly and repeatedly failed to pay Rodriguez for mandatory early arrival time and nightly and weekly closing activities such as collection, reconciliation, and accounting.

15. During the period of employment, Delgado Travel issued Rodriguez inaccurate paycheck stubs that misrepresented the number of hours Rodriguez actually worked.

16. As is set forth above, Delgado Travel violated the Fair Labor Standards Act 29 U.S.C. §§ 201 *et. seq.*, by failing to pay overtime compensation to Rodriguez for all hours worked.

17. Upon information and belief, Delgado Travel did not pay overtime compensation to Rodriguez for the total amount of hours worked on the instructions of Hector, Linda, and Jeanette Delgado.

18. The conduct of Delgado Travel and of Hector, Linda, and Jeanette Delgado as alleged herein was willful and deliberate towards Rodriguez.

19. By reason of the foregoing, Rodriguez is entitled to:

   (a) compensatory damages in the amount of approximately $4,200 for approximately 400 hours of unpaid overtime work at her $10.50 overtime compensation rate; and

   (b) liquidated damages in the equivalent amount of approximately $4,200 pursuant to the FLSA, 29 U.S.C. § 216(b); and

   (c) the costs of this action, including fees and costs of experts, together with interest and attorney's fees; and

   (d) such other and further relief as this Court deems just and equitable.

## SECOND CLAIM
**(Unpaid overtime wages in violation of New York Labor Law as to Rodriguez)**

20. Rodriguez repeats and re-alleges each and every allegation of paragraphs 1 through 18.

21. Delgado Travel violated N.Y. Labor Law §650, *et seq*. and 12 N.Y.C.R.R. §142-2.2, by denying wages for the total amount of hours that Rodriguez worked per week.

22. Upon information and belief, Delgado Travel did not pay overtime compensation to Rodriguez for the total amount of hours worked on the instructions of Hector, Linda, and Jeanette Delgado.

23. By reason of the foregoing, Rodriguez is entitled to the relief set forth in paragraph 19.

## THIRD CLAIM
**(Unpaid "spread of hour" wages under New York Labor Law as to Rodriguez)**

24. Rodriguez repeats and re-alleges each and every allegation of paragraphs 1 through 18.

25. Pursuant to N.Y Labor Law §190, *et seq*. and 12 N.Y.C.R.R. §142-2.4 and 142-2.18, Rodriguez is entitled to one hour's pay at the basic minimum hourly wage rate (in addition to the minimum and overtime wage she was entitled to under N.Y. Labor Law §650, *et seq*. and 12 N.Y.C.R.R. §142-2.2) for every day she worked in which the "spread of hours" for that day exceeded ten hours.

26. 12 N.Y.C.R.R. §142-2.18 defines "spread of hours" as the interval between the beginning and the end of an employee's work day.

27. Delgado Travel did not pay Rodriguez for "spread of hours" wages in addition to her weekly hourly wage.

4

28.     Upon information and belief, Delgado Travel did not pay spread of hours wages upon the instructions of Hector, Linda, and Jeanette Delgado.

29.     As is set forth above, Delgado Travel violated N.Y. Labor Law §190, *et seq*. and 12 N.Y.C.R.R. §142-2.4 and 142-2.18, by denying Rodriguez one hour's pay at the basic minimum hourly wage rate (in addition to the minimum and overtime wages she were entitled to under N.Y. Labor Law §650, *et seq*. and 12 N.Y.C.R.R. §142-2.2) for every day in which the spread of hours exceeded ten hours.

30.     By reason of the foregoing, Rodriguez is entitled to:

- (a)     compensatory damages in the amount of one-hours' wage for each day that Rodriguez worked and the spread of hours for that day exceeded ten hours; and

- (b)     liquidated damages pursuant to N.Y. Labor Law §198; and

- (c)     the costs of this action, including fees and costs of experts, together with interest and attorney's fees; and

- (d)      such other and further relief as this Court deems just and equitable.

**Wherefore**, it is respectfully requested that this Court award the relief set forth in paragraphs 19, 23, and 30.

November 1, 2006

_____/s/ Peter G. Eikenberry_____
**PETER G. EIKENBERRY**
Attorney for plaintiff
74 Trinity Place, Suite 1609
New York, New York 10006
(212) 385-1050